## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JASON C. TURK,

     Plaintiff,

v.                                                    Case No: 8:18-cv-2490-CEH-TGW

BRIAN CRYTZER and VINCENT
PAGLIARO,

     Defendants.

_____/

## ORDER

     This matter comes before the Court upon Plaintiff's Motion to Alter or Amend the Judgment [Doc. 74] and Defendants' Opposition [Doc. 78]. Plaintiff requests that the Court reconsider its order granting summary judgment and the resulting final judgment.[1] The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion to Alter or Amend the Judgment.

### I.   BACKGROUND

     Plaintiff filed this action against Defendants, VA Patrol Officers Bryan Crytzer and Vincent Pagliaro, for False Arrest and Excessive Force in violation of the Fourth Amendment, following an incident on October 7, 2014, at the James Haley Veterans Affairs Hospital which resulted in Defendant Pagliaro spraying Plaintiff with pepper

---

[1] A judgment has not yet been entered in this case. In the order granting summary judgment on Plaintiff's claims, the Court indicated that "[a] judgment in favor of Defendants Bryan Crytzer and Vincent Pagliaro and against Plaintiff Jason Turk, as to the claims in Plaintiff's complaint, will be entered at the conclusion of this litigation." [Doc. 72 at p. 22].

spray and Defendants arresting him. [Doc. 1; Doc. 66 ¶¶ 1-3, 16-22]. Eventually, Defendants moved for summary judgment and the Court ruled in their favor on both claims. [Docs. 58, 72]. The Court found that Plaintiff's claims were barred by qualified immunity as Defendants had arguable probable cause to arrest Plaintiff for disorderly conduct and the force they used was reasonably necessary to restrain Plaintiff. [Doc. 72 at pp. 21-22]. The Court also noted that Plaintiff abandoned a claim for excessive force based on a second application of pepper spray. *Id.* at pp. 20-21.

Plaintiff now moves for reconsideration pursuant to Rule 59(e), Fed. R. Civ. P., to correct clear error or manifest injustice. [Doc. 74 at pp. 2-3]. He raises several arguments. He argues that he "illustrated genuine issues of material fact that only a jury could decide" and that these fact issues rendered summary judgment improper. Id. ¶¶ 4-5. He also argues that the Court did not view all facts and draw all reasonable inferences in the light most favorable to him and that Defendants are not entitled to qualified immunity. *Id.* ¶¶ 6-7. In response, Defendants contend that Plaintiff has failed to establish the need to correct clear error or prevent manifest injustice. [Doc. 78 at p. 2]. They further note that the facts characterized by Plaintiff as disputed were not material to the Court's decision and that Plaintiff does not identify any disputed facts or unfavorable inferences used by the Court in ruling against him. *Id.* at pp. 2-4.

## II.   LEGAL STANDARD

"[A] motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356,

1358 (M.D. Fla. 2007). "This ordinarily requires a showing 'of clear and obvious error where the interests of justice demand correction.' " *Id.* (quoting *Prudential Sec., Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D.Fla.1996)). Reconsideration of an order is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (ii) the need to correct clear error or manifest injustice. *Id.* (quoting *True v. Comm'r of the I.R.S.,* 108 F.Supp.2d 1361, 1365 (M.D.Fla.2000)); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."). However, "[a] motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.' " *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir.2005)); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (stating same).

## III. DISCUSSION

"A Rule 59(e) motion is appropriate where the relief sought in the motion is 'the setting aside of the grant of summary judgment, denial of the defendant's motion for summary judgment, and trial on the merits of the case.' " *Wilson v. State Farm Gen. Ins. Co.*, No. 21-11722, 2021 WL 4947322, at *2 (11th Cir. Oct. 25, 2021) (quoting *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997)). [2] In his motion, Plaintiff

---

[2] In their response, Defendants cite Rule 54(b), Fed. R. Civ. P., and case law in noting that courts may consider non-final orders "at any time before the entry of a judgment adjudicating

requests the Court strike the judgment and reinstitute the action based on the need to correct clear error or manifest injustice. [Doc. 74 at p. 3]. However, Plaintiff has not carried his burden in seeking this relief.

There is no merit to Plaintiff's argument that fact issues exist which preclude summary judgment on his claims, and that the Court did not view facts and make inferences in his favor. In its order, the Court explained that "[w]hen considering qualified immunity on a defendant's motion for summary judgment, [it] considers the record in the light most favorable to the plaintiff, eliminating all issues of fact." *Wate v. Kubler*, 839 F.3d 1012, 1019 (11th Cir. 2016). The Court further explained that by approaching the record in this way, it has the plaintiff's best case before it and material issues of disputed fact cannot foreclose the grant or denial of summary judgment *Id.* (quoting *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010)). The Court specifically identified the evidence before it and construed the evidence and inferences in favor of Plaintiff. [Doc. 72 at pp. 1-6, 13, 16-17]. There was no hotly contested **material** fact that the Court construed in favor of Defendants. In fact, Plaintiff has identified none. For example, the contested facts that Plaintiff identifies regarding what happened after the door to the patient room was opened are not material to the Court's finding that arguable probable cause existed as to Plaintiff's arrest for disorderly conduct.

It is abundantly clear that this is an attempt by Plaintiff to relitigate the issues decided by the Court. This is not the purpose of motions for reconsideration.

---

all the claims and all the parties' rights and liabilities." [Doc. 78 at p. 1]. The Court, however, notes that Plaintiff has moved pursuant to Rule 59(e).

*Wilchombe*, 555 F.3d at 957. As Plaintiff fails to establish an intervening change in controlling law, the need to correct clear error or manifest injustice, or the availability of new evidence, the motion for reconsideration is due to be denied.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion to Alter or Amend the Judgment [Doc. 74], which seeks reconsideration of the order granting summary judgment on Plaintiff's claims against Defendants, is denied.

**DONE AND ORDERED** in Tampa, Florida on November 24, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any