UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON C. TURK,

    Plaintiff,

v.                                                             Case No: 8:18-cv-2490-CEH-TGW

BRIAN CRYTZER and VINCENT
PAGLIARO,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon Defendants' Motion for Partial Final Judgment and Stay [Doc. 82] and the arguments of the parties at the status conference held on January 19, 2022. In the motion, Defendants move, under Federal Rule of Civil Procedure 54(b), for certification of the order granting summary judgment in their favor on Plaintiff's claims as a partial final judgment. The Court, having considered the motion and arguments of the parties and being fully advised in the premises, will grant Defendants' Motion for Partial Final Judgment and Stay.

    **I.   BACKGROUND**

On September 30, 2021, the Court granted summary judgment for Defendants Bryan Crytzer and Vincent Pagliaro, and against Plaintiff Jason Turk, concluding that Turk's claims for unlawful arrest and excessive force are barred by qualified immunity. [Doc. 72 at pp. 21-22]. In its order, the Court indicated that "[a] judgment in favor of Defendants . . . and against Plaintiff . . . as to the claims in Plaintiff's complaint, will

be entered at the conclusion of this litigation," in light of pending counterclaims for battery. *Id.* at p. 22; Doc. 33 at pp. 4-9. Plaintiff then moved for reconsideration of the Court's grant of summary judgment on his claims. [Doc. 74]. Finding that Plaintiff was merely attempting to relitigate the issues decided by the Court, the Court denied reconsideration. [Doc. 79]. Plaintiff then filed a notice of appeal, seeking review of the summary judgment order and the order denying reconsideration. [Doc. 80].

Five days later, Defendants filed the instant motion, pointing out that the orders on appeal are interlocutory and unappealable unless this Court certifies a partial final judgment, and seeking a Rule 54(b) partial final judgment and corresponding stay. [Doc. 82 at pp. 2, 3]. In addressing the two-step analysis for determining whether to direct entry of a final judgment under Rule 54(b), Defendants first explain that the summary judgment order may be considered a final judgment appropriate for certification, and then argue that there is no just reason to delay certification as doing so would preserve judicial resources at the district court level without increasing the risk of piecemeal appeals. *Id.* at pp. 4-7. They specifically represent that if the appellate court affirms this Court's decision, they will dismiss their counterclaims and the Court would not need to expend the resources associated with a *pro se* jury trial. *Id.* at p. 6. A stay of litigation on the counterclaims is also requested. *Id.* at p. 7.

    II.    **LEGAL STANDARD**

Under Rule 54(b), a district court has the discretion to certify a judgment for immediate appeal when, and only when, the judgment "is 'final' within the meaning of Rule 54(b), which means that the judgment disposes entirely of a separable claim or

dismisses a party entirely." *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995).

Rule 54(b) states:

> When an action presents more than one claim for relief— whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Thus, Rule 54(b) "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). In determining whether a partial final judgment may properly be certified under Rule 54(b), the Court must determine that its final judgment is, in fact, both "final" and a "judgment," and must expressly decide whether there is any "just reason for delay" in certifying it as final and immediately appealable. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007).

### III.   DISCUSSION

As an initial matter, the Court notes that Plaintiff has filed a notice of appeal, which "confers jurisdiction on the court of appeals and divests [this] . . . court of its control over those aspects of the case involved in the appeal." *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S.

56, 58 (1982)); *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020) ("The filing of a notice of appeal generally divests a district court of jurisdiction as to those issues involved in the appeal."). However, the Eleventh Circuit has indicated that "the notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by either the district court or the appellate court," reasoning that "[t]he [d]istrict [c]ourt's order . . . remained interlocutory and nonappealable until entry of the Rule 54(b) certification." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981). In fact, the appellate court has consistently held that "a subsequent Rule 54(b) certification cures a premature notice of appeal from a non-final order dismissing claims or parties." *Nat'l Ass'n of Boards of Pharmacy v. Bd. of Regents of the Univ. Sys. of Georgia*, 633 F.3d 1297, 1306 (11th Cir. 2011); *Odion v. Google Inc.*, 628 F. App'x 635, 636 (11th Cir. 2015) (stating same); *Lindsey v. Storey*, 936 F.2d 554, 557 n.2 (11th Cir. 1991) ("We initially questioned our jurisdiction to hear this appeal because the district court had not yet entered a final judgment pursuant to F.R.C.P. 54(b). The district court later entered final judgment, thereby curing plaintiff's premature notice of appeal.").

Having determined that the Court may properly enter an order on the request to certify a partial final judgment, the Court turns to the merits of Defendants' request. Again, the Court must first determine that its final judgment is, in fact, both "final" and a "judgment." *Lloyd Noland*, 483 F.3d at 777. The Supreme Court has explained that "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim

4

for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quotation omitted); *Lloyd Noland*, 483 F.3d at 777 (stating same). Defendants argue that the summary judgment order may be considered a final judgment because it disposed of all of Plaintiff's claims against Defendants and the decision was upon a "cognizable claim for relief." [Doc. 82 at p. 4]. The Court agrees. Upon consideration of the motion for summary judgment, the Court found that the cognizable claims for relief—unlawful arrest and excessive force in violation of the Fourth Amendment—were barred by qualified immunity. [Doc. 72 at pp. 21-22]. As the Court explained, "[q]ualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right" and no such violation had occurred in this case. *Id.* at pp. 10 (citing *Stephens v. DeGiovanni*, 852 F.3d 1298, 1314 (11th Cir. 2017)). As such, the order granting summary judgment constitutes a final judgment for the purposes of Rule 54(b).

The Court further finds there is no "just reason for delay" in certifying the order granting summary judgment as final and immediately appealable. *Lloyd Noland*, 483 F.3d at 777. This decision is based upon the Court's consideration of "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8; *Lloyd Noland*, 483 F.3d at 777-778. The Court acknowledges that "the burden of two potential trials does not justify a Rule 54(b) certification." *Paylan v. Bondi*, No.

5

Case 8:18-cv-02490-CEH-TGW   Document 84   Filed 01/20/22   Page 6 of 7 PageID 1299

8:15-CV-1366-T-CEH-AEP, 2017 WL 4317357, at *3 (M.D. Fla. July 26, 2017). However, equitable concerns warrant certifying the order granting summary judgment pursuant to Rule 54(b). There is a strong interest in conserving judicial resources. Additionally, the Court is of the view that the risk of piecemeal appeals will not be heightened by certifying a partial final judgment. *Ebrahimi*, 114 F.3d at 165–66 (noting the policy against piecemeal appeals). Based on Defendants' representation, there will be no need for a trial if the Court's order is affirmed, as they will withdraw the counterclaim, and no corresponding appeal. The motion is therefore due to be granted. Accordingly, it is

    **ORDERED**:

1. Defendants' Motion for Partial Final Judgment and Stay [Doc. 82] is **GRANTED**.

2. The Order granting summary judgment constitutes a final judgment for purposes of Rule 54(b) and there is no just reason for delay.

3. The Clerk is directed to enter judgment, pursuant to Rule 54(b), Fed. R. Civ. P., for Defendants Bryan Crytzer and Vincent Pagliaro, and against Plaintiff Jason Turk, on the claims in the Complaint [Doc. 1].

4. This case is **STAYED** as to Defendants' counterclaims during the pendency of the appeal. The parties shall file a notice within **ten (10)** days of issuance of a mandate by the appellate court.

6

5. The Clerk is directed to terminate all pending motions and deadlines and administratively close this file.

**DONE AND ORDERED** in Tampa, Florida on January 20, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any